770 P.2d 1185

Cecil Rhett **COONEY**,
Plaintiff/Appellant,

v.

**PHOENIX NEWSPAPERS, INC.,** an
Arizona corporation,
Defendant/Appellee.

No. 2 CA–CV 88–0363.

Court of Appeals of Arizona,
Division 2, Department B.

March 21, 1989.

Mark M. Venetos, Scottsdale, for plaintiff/appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Scott E. Boehm, Robert G. Beshears, and Pamela M. Overton, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

Appellant Cecil Cooney appeals from the denial of his motion for new trial filed after the trial court granted a summary judgment in favor of appellee Phoenix Newspapers, Inc. Cooney also appeals from an award of $9,608.46 in attorney's fees which was entered in favor of Phoenix Newspapers as a result of its motion for relief from the order denying Cooney's motion for new trial. We affirm the denial of a new trial and remand the attorney's fee award.

Cooney was injured on February 14, 1982, when his motorcycle collided with a truck driven by Richard Watkins. Cooney retained an attorney in August 1982 who filed suit against Watkins on December 15, 1982. Watkins' deposition was taken on June 22, 1984, in preparation for trial which was then set for September 19, 1984. Watkins testified that he never saw Cooney because his vision was obstructed by a thick hedge over six feet tall which ran along the curb beside the private driveway from which Watkins was exiting at the time.

As a result of that testimony, Cooney moved to join Phoenix Newspapers, Inc. as a party defendant because it owned the land on which the hedge was located. Cooney's amended complaint alleged that Phoenix Newspapers was negligent in failing to keep the hedge trimmed so as not to obstruct the view of drivers exiting its driveway. The complaint also alleged that Phoenix Newspapers had trimmed the hedge to 2½ feet following the accident.

Phoenix Newspapers was served with a summons and the amended complaint on September 25, 1984. On October 29 it filed an answer and a motion for summary judgment, arguing that suit against it was barred by the statute of limitations. The trial court granted the motion in December 1984, ruling that Cooney "had an opportunity to discover the hedge problem at the time of the accident or shortly after...." Cooney filed a motion for new trial which was denied in February 1985. His cause of action against Watkins was dismissed pursuant to stipulation in March 1985.

The order denying the motion for new trial was not signed and entered until April 1987. That order provided that Phoenix Newspapers would receive no attorney's fees. Cooney appealed and several months later, after jurisdiction had been revested in the trial court, Phoenix Newspapers filed a motion pursuant to Rule 60(c), Ariz.R. Civ.P., 16 A.R.S., seeking relief from that portion of the order denying it attorney's fees. In its motion, Phoenix Newspapers contended it had not received notice that Cooney was seeking entry of the formal order because the document had been sent to its counsel's 1985 address which had since changed. Phoenix Newspapers also contended that Cooney had agreed to forego an appeal in 1985 in exchange for Phoenix Newspapers' agreement to forego an award of attorney's fees. Cooney denied that such an agreement had been reached.

Phoenix Newspapers sought attorney's fees pursuant to A.R.S. § 12–341.01(C), a request it had first made in its response to Cooney's motion for new trial. It argued that it was entitled to attorney's fees because Cooney had not filed suit against it

until the statute of limitations had run and because his motion for new trial had misrepresented the arguments that he had made in his response to the summary judgment motion. Although the court did not specifically grant the Rule 60(c) motion, it awarded Phoenix Newspapers $9,608.46 in attorney's fees. The order did not recite a basis for the award. Cooney then filed a motion for reconsideration in which he complained that the award included $6,106.50 in fees for appellate work. The court denied the motion, stating "the Court finds the instant litigation to be groundless because it was filed after the two year statute of limitations had run. The cutting of the bushes, in the Court's opinion, could easily have been discovered within the two year period after the accident."

On appeal, Cooney contends it was error for the court to grant summary judgment because a material fact issue exists on whether Phoenix Newspapers intentionally or inadvertently concealed his cause of action by trimming the hedge within six months after the accident. He also contends the court erred in awarding Phoenix Newspapers attorney's fees because the court did not make the requisite findings under the statute.

## STATUTE OF LIMITATIONS

■ Cooney argues that he did not discover that the hedge had obstructed Watkins' view and that it had been trimmed within six months after the accident until Watkins' deposition in June 1984. He contends that he was unable to discover those facts earlier because he was in the hospital for 10 days following the accident and was unable to work for four months. His former attorney filed an affidavit in which he stated that he was retained in August 1982, that he visited the accident site in September or October after the hedge had been cut and saw no conditions on the land which would lead him to believe Cooney had a cause of action against the landowner.

As Cooney has pointed out, the rule in Arizona is that a "cause of action accrues when the plaintiff knows, or in the exercise

of reasonable diligence should have known, of the defendant's negligent conduct." *Sato v. Van Denburgh*, 123 Ariz. 225, 227, 599 P.2d 181, 183 (1979). The burden of establishing that the statute was tolled rests on Cooney because the complaint shows on its face that the cause of action is barred by the statute of limitations. *Engle Brothers, Inc. v. Superior Court*, 23 Ariz. App. 406, 533 P.2d 714 (1975).

There is nothing in the record to indicate why Cooney could not have taken Watkins' deposition earlier than June 1984. The record does not reflect any discovery undertaken by Cooney. It does show that Watkins served interrogatories on Cooney. Cooney's answers to the interrogatories show that the only injury Cooney suffered was a fractured leg. They also show that a friend of his was a passenger on his motorcycle at the time of the accident. Finally, they show that Cooney had previously traveled on that same road "[h]undreds of times." Cooney produced no evidence to support his contention that he had no way of discovering the hedge had been cut until Watkins' deposition was taken.

We agree with the trial court that Cooney failed to raise a material fact issue as to whether he exercised due diligence in discovering the existence of his cause of action and find no abuse of discretion in its denial of Cooney's motion for new trial. *Roberts v. Morgensen Motors*, 135 Ariz. 162, 659 P.2d 1307 (App.1982).

■ Cooney also argues that he was unable to discover his cause of action earlier because Phoenix Newspapers concealed the cause of action by trimming the hedge from a height of over six feet to 2½ feet. He cites no authority in support of that argument. In the trial court, he cited *Tom Reed Gold Mines Co. v. United Eastern Mining Co.*, 39 Ariz. 533, 8 P.2d 449 (1932). The court in that case held that the statute of limitations on a cause of action for an underground trespass could be tolled by a showing that the defendant concealed the existence of the cause of action, whether the trespass was intentional or inadvertent.

Cooney argues, therefore, that the statute can be tolled by a showing that the concealment of the hedge trimming was inadvertent. We do not find that the case stands for that proposition.

In any event, Cooney has not raised a fact issue with regard to concealment. The concealment sufficient to toll the statute requires a positive act by the defendant taken for the purpose of preventing detection of the cause of action. *Jackson v. American Credit Bureau, Inc.*, 23 Ariz. App. 199, 531 P.2d 932 (1975). Cooney has shown no connection between the cutting of the hedge and his accident, much less a connection between the cutting and any cause of action he may have had against Phoenix Newspapers. "To toll the statute of limitations, the defendant's conduct must be directed to obtaining the delay of which he actively seeks to take advantage by pleading the statute." 23 Ariz.App. at 202, 531 P.2d at 935. We find no error.

### AWARD OF ATTORNEY'S FEES

■ Cooney next contends the trial court erred in awarding Phoenix Newspapers $9,608.46 under A.R.S. § 12–341.01(C) because the court did not find that each of the three statutory elements was shown by clear and convincing evidence. In *Gilbert v. Board of Medical Examiners*, 155 Ariz. 169, 745 P.2d 617 (App.1987), Division One of this court made it clear that because the statute is written in the conjunctive, "all three elements must be present and . . . the presence of one or two elements will not suffice." 155 Ariz. at 180, 745 P.2d at 628. The three statutory elements are that the claim constitutes harassment, is groundless and is not made in good faith. A.R.S. § 12–341.01(C).

As noted above, when the trial court initially awarded attorney's fees to Phoenix Newspapers, it made no finding at all. After Cooney filed a motion for reconsideration, the court found that the suit was groundless and reiterated that Cooney should have discovered the existence of his

cause of action within the statute of limitations period. Because the court specifically found the existence of only one statutory element and made no mention of the other two, we remand for the court to determine whether the other two elements were established by clear and convincing evidence.

The denial of Cooney's motion for new trial is affirmed; the award of attorney's fees is remanded.

ROLL, P.J., and LACAGNINA, C.J., concur.