NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HEATHER COOPER, *Plaintiff/Appellant*,

*v.*

ROSS STORES, INC., dba ROSS DRESS FOR LESS, a Delaware
corporation, *Defendant/Appellee*.

No. 1 CA-CV 13-0223
FILED 2-27-2014

Appeal from the Superior Court in Maricopa County
No.  CV2012-051118
The Honorable Michael R. McVey, Judge (Retired)
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Hymson Goldstein & Pantiliat, PLLC, Scottsdale
By Eddie A. Pantiliat, Ruth K. Khalsa
*Counsel for Plaintiff/Appellant*

Holloway Odegard & Kelly, P.C., Phoenix
By Leslie Rakestraw, Sally A. Odegard
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

---

**D O W N I E,** Judge:

**¶1**　　　　Heather Cooper appeals the dismissal of her claims against Ross Stores, Inc. ("Ross").　For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　On May 8, 2010, Cooper was at Nicole Mitchell's residence when a wrought iron chair she was sitting on collapsed.　A piece of wrought iron approximately five inches long impaled Cooper's thigh.

**¶3**　　　　Cooper filed a complaint on January 12, 2012, naming Mitchell and various fictitious entities as defendants.　On July 3, 2012, Cooper filed a motion for leave to amend her complaint to add Ross as a defendant.　According to the motion, Cooper learned in April 2012 that Ross distributed the chair at issue.　Mitchell did not object, and the superior court granted the motion to amend.

**¶4**　　　　Cooper filed her amended complaint on July 13, 2012.　She asserted claims against Ross for negligence, strict liability for defective manufacture, strict liability for distribution of a defective product, and failure to warn.　The amended complaint alleged that Mitchell purchased the chair from Ross approximately 11 days before the incident.

**¶5**　　　　Ross moved to dismiss, arguing the amended complaint was filed after the statute of limitations had expired.　*See* Ariz. Rev. Stat. ("A.R.S.") § 12-542(1), -551 (setting two-year statute of limitations for personal injury and product liability claims).　According to Ross, the amended complaint did not relate back to the original complaint under Rule 15(c), Arizona Rules of Civil Procedure ("Rule"), because Cooper had not shown that the failure to name Ross was due to a mistake as to the identity of the appropriate party or that Ross had received notice of the action within the limitations period.

**¶6**　　　　In opposing Ross's motion, Cooper contended the discovery rule applied and delayed accrual of her cause of action.　Cooper asserted

2

that she first learned of Ross's involvement on April 17, 2012, when Mitchell served a supplemental disclosure statement naming Ross as the seller. According to Cooper, her cause of action therefore accrued on April 17, 2012. She also argued that Ross's Rule 15(c) argument was moot because the court had already granted her motion to amend.

¶7 The superior court granted Ross's motion to dismiss. It ruled that the amended complaint did not relate back to the original complaint because "Ross had no notice of this case until more than two (2) years after Plaintiff's injury on May 8, 2010." The court also concluded the discovery rule was inapplicable because Cooper's injury was open and obvious and because, with reasonable diligence, Cooper could have discovered who sold the chair.

¶8 Cooper filed a motion for reconsideration, asserting for the first time that Ross knew of the lawsuit within the limitations period because Mitchell had issued a subpoena to Ross in April 2012 seeking documents related to the chair. Cooper claimed it was not a lack of diligence that caused her inability to identify Ross, but Mitchell's initial statement that she could not recall where she bought the chair and her later claim that she bought it at Pier 1 Imports. Cooper also argued that Ross thwarted attempts to identify it as the seller when it responded to Mitchell's subpoena by stating that it could not track Mitchell's purchase and that its buyers did not recall the chair. Cooper attached various documents to her motion for reconsideration, as well as a declaration attesting to her "diligent inquiries" into the seller's identity.

¶9 The superior court denied Cooper's motion for reconsideration without requesting a response. It entered a judgment containing Rule 54(b) language that dismissed Cooper's claims against Ross. Cooper timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10 We review *de novo* the dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8, 284 P.3d 863, 867 (2012). We review the denial of a motion for reconsideration for an abuse of discretion. *Tilley v. Delci*, 220 Ariz. 233, 238, 204 P.3d 1082, 1087 (App. 2009). We will affirm the superior court's decision if it is correct for any reason. *Ariz. Bd. of Regents ex rel. Univ. of Ariz. v. State ex rel. Ariz. Pub. Safety Ret. Fund Manager Adm'r*, 160 Ariz. 150, 154, 771 P.2d 880, 884 (App. 1989).

**¶11** In reviewing the grant of Ross's motion to dismiss, we consider only the record that was before the superior court when it ruled on the motion. *See Cella Barr Assoc., Inc. v. Cohen*, 177 Ariz. 480, 487 n.1, 868 P.2d 1063, 1070 n.1 (App. 1994) (refusing to consider transcripts attached to motion for reconsideration because they were not before the trial court when it ruled on the underlying motion); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990) ("[U]nless the deposition transcripts were part of the record before the trial court at the time it considered the motion for partial summary judgment, we cannot consider them on appeal.").

**¶12** When a plaintiff seeks leave to amend a complaint to add a defendant, the amended complaint will relate back to the original complaint *if* the claims asserted in the amended pleading arise out of the same conduct or incident as the claims in the original pleading *and* if, during the limitations period plus the time allowed for service, the newly named defendant: (1) received notice of the lawsuit such that it would not be prejudiced in defending against the claim; and (2) knew or should have known that, but for a mistake as to the identity of the proper party, it would have been sued earlier. Ariz. R. Civ. P. 15(c). The plaintiff bears the burden of establishing the elements required by Rule 15(c). *Pargman v. Vickers*, 208 Ariz. 573, 578, ¶¶ 24-27, 96 P.3d 571, 576 (App. 2004).

**¶13** Cooper did not carry her burden of demonstrating that the amended complaint related back to the original complaint. At the time the superior court granted the motion to dismiss, nothing in the record suggested, let alone established, that Ross had notice of the lawsuit within the limitations period or that Ross knew or should have known it would have been sued but for a mistake in identifying the proper defendant. Indeed, in opposing Ross's motion, Cooper's only argument regarding Rule 15(c) was that the issue was moot because the court had already granted her leave to amend. Not until the motion for reconsideration did Cooper argue that Ross had notice of the lawsuit within the limitations period. But as previously noted, we do not consider that argument when determining whether the superior court properly granted the motion to dismiss in the first instance. *See Cella Barr*, 177 Ariz. at 487 n.1, 868 P.2d at 1070 n.1.

**¶14** Cooper also contends the court improperly focused on the date of her injury and failed to consider purported obstacles she encountered in ascertaining the chair's origins. She contends the statute of limitations was tolled until she knew or reasonably should have known who manufactured or distributed the chair.

¶15 Under the discovery rule, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 191 Ariz. 313, 322, ¶ 29, 955 P.2d 951, 960 (1998). When the face of the complaint reflects that a claim is barred by the statute of limitations, the burden is on the plaintiff to establish that the discovery rule applies to forestall accrual of the cause of action. *See Cooney v. Phx. Newspapers, Inc.*, 160 Ariz. 139, 141, 770 P.2d 1185, 1187 (App. 1989).

¶16 The dates set forth in the amended complaint reflect that the claims against Ross are time-barred. The amended complaint was filed on July 13, 2012, and the complaint alleged an injury occurring more than two years earlier. The burden was therefore on Cooper to establish that the discovery rule applied. *See id.*

¶17 In opposing Ross's motion, Cooper identified no efforts she had undertaken to ascertain the seller's identity. She stated simply that she did not know of Ross's involvement until Mitchell told her about it. Cooper failed to carry her burden of demonstrating that, in the exercise of reasonable diligence, she had been unable to discover Ross's identity sooner. The superior court thus did not err in granting Ross's motion to dismiss.

¶18 We also find no abuse of discretion in denying Cooper's motion for reconsideration. The superior court was not required to consider evidence presented to it for the first time in connection with a motion for reconsideration. *Tilley*, 220 Ariz. at 238, ¶ 17, 204 P.3d at 1087; *cf. Phil W. Morris Co. v. Schwartz*, 138 Ariz. 90, 94, 673 P.2d 28, 32 (App. 1983) (calling it the "better policy" to disallow affidavits submitted after a decision on a motion for summary judgment where they do not include newly discovered material and could have been produced earlier through reasonable diligence). Because the court was not required to consider Cooper's newly proffered evidence, it did not abuse its discretion in

denying her motion for reconsideration.

## **CONCLUSION**

**¶19**        For the reasons stated, we affirm the dismissal of Cooper's claims against Ross.



Ruth A. Willingham · Clerk of the Court
FILED: mjt