**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CAROLYN WISE-JOHNSON-BEY, | No. 13-16714 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00578-ROS |
| v. | |
| LACEY TOLBERT, Officer, badge number 13338; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Carolyn Wise-Johnson-Bey appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging constitutional violations in

connection with defendants' entry into her residence in March 2010 to arrest her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

husband. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (dismissal on the basis of the applicable statute of limitations); *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (summary judgment). We affirm.

The district court properly granted summary judgment because Bey's action is barred by the applicable two-year statute of limitations. *See* Ariz. Rev. Stat. § 12-542(1) (two-year statute of limitations for personal injury actions); *Lukovsky*, 535 F.3d at 1048 (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action).

Contrary to Bey's contention, Bey is not entitled to equitable tolling based on fraud or concealment. *See Cooney v. Phoenix Newspapers, Inc.*, 770 P.2d 1185, 1187 (Ariz. Ct. App. 1989) (under Arizona law, "concealment sufficient to toll the statute requires a positive act by the defendant taken for the purpose of preventing detection of the cause of action.").

**AFFIRMED.**