NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARTIN B. AINBINDER, *Plaintiff/Appellant*,

*v.*

NANCY BODINET and JOHN DOE BODINET; LAW OFFICE OF
NANCY BODINET, PLC, *Defendants/Appellees*.

No. 1 CA-CV 15-0428
FILED 10-18-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-054154
The Honorable Thomas L. LeClaire, Judge (Retired)

**AFFIRMED**

COUNSEL

Martin B. Ainbinder, Scottsdale
*Plaintiff/Appellant*

Broening Oberg Woods & Wilson, PC, Phoenix
By Donald Wilson, Jr., Kevin R. Myer
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in
which Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

**J O H N S E N**, Judge:

**¶1** Martin B. Ainbinder appeals the superior court's order dismissing his complaint against Nancy Bodinet, John Doe Bodinet, and the Law Office of Nancy Bodinet, P.L.C. (collectively, "Appellees"). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** The complaint Ainbinder filed on November 12, 2014 alleged Bodinet committed legal malpractice while representing him in a dissolution action. The dissolution was resolved in January 2011 by entry of a consent decree, property settlement agreement, memorandum of understanding, and parenting plan. In the dissolution, Ainbinder was granted sole ownership of an interest in a medical practice; in exchange, among other things, he agreed to make a $398,630.63 equalization payment to his former wife, payable by an initial installment of $100,000, followed by equal quarterly payments due over three years. According to Ainbinder's amended complaint, he filed bankruptcy on November 13, 2012, in part, as a result of Bodinet's negligent representation in the dissolution action. Ainbinder claimed he was not aware of Bodinet's alleged malpractice until February 2014.

**¶3** Appellees moved to dismiss the amended complaint as barred by the two-year statute of limitations. *See* Arizona Revised Statutes ("A.R.S.") § 12-542 (2016).[1] Appellees argued that because the legal malpractice claim arose out of the dissolution, limitations began to run on the date Ainbinder signed the consent decree, January 5, 2011.

**¶4** In response, Ainbinder argued his claim did not arise until he knew or should have known of Bodinet's negligence. Although Ainbinder contended Appellees mistakenly assumed his claim was based on the spousal maintenance terms of the consent decree, he did not specify the legal error or negligence on which his claim was based. Ainbinder argued he should be allowed to file a second amended complaint to cure any pleading defect. He did not, however, identify any additional facts or legal theories that he would include in a second amended complaint.

**¶5** The superior court granted the motion to dismiss, finding the cause of action accrued in January 2011, when the consent decree was

---

[1] Absent material revision after the relevant date, we cite the current version of statutes and Rules.

entered, because Ainbinder's financial obligations under the decree became final on that date. Ainbinder filed a timely amended notice of appeal from the signed judgment. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

**¶6**  We review *de novo* the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). Dismissal is appropriate only if the plaintiff would not be entitled to relief under any well-pled facts susceptible of proof. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420, ¶ 14 (2008); *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006). We must assume the truth of all well-pled factual allegations and resolve all reasonable inferences in the plaintiff's favor, but "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen*, 218 Ariz. at 419, ¶ 7.

**¶7**  "Legal malpractice actions are subject to A.R.S. § 12-542, which provides that an action must be commenced within two years after the claim accrues." *Hayenga v. Gilbert*, 236 Ariz. 539, 541, ¶ 11 (App. 2015). Pursuant to the discovery rule, a claim for legal malpractice accrues "when the client has suffered harm and knows or should have known that the harm was a direct result of the attorney's [alleged] negligence." *Keonjian v. Olcott*, 216 Ariz. 563, 565, ¶ 9 (App. 2007). When it is clear from the face of a complaint that the action is barred by limitations, the plaintiff bears the burden of demonstrating that the discovery rule applies to toll the statute. *Cooney v. Phoenix Newspapers, Inc.*, 160 Ariz. 139, 141 (App. 1989).

**¶8**  Ainbinder argues he did not learn of Bodinet's negligence until November 2012 or April 2014, when his bankruptcy attorney advised him of problems with the equalization promissory note Ainbinder signed as part of the dissolution property settlement. He argues the superior court should have allowed him to amend his complaint to add facts sufficient to establish that the discovery rule tolled his claim. *See Dube v. Likins,* 216 Ariz. 406, 415, ¶ 25 (App. 2007) (plaintiff should be given an opportunity to amend complaint if amendment will cure defects). Although the superior court granted the motion to dismiss without addressing Ainbinder's request to amend, the court did not abuse its discretion because Ainbinder's response to the motion did not allege any facts that would have cured the defect. *See id.*; *see also Cullen*, 218 Ariz. at 420, ¶ 14 (court cannot "speculate about hypothetical facts that might entitle the plaintiff to relief" (citation omitted)).

**¶9** On appeal, Ainbinder asserts that the medical practice he was awarded in the dissolution discontinued its regular quarterly distribution payments to him on June 30, 2011, leaving him without a source of funds to make the payments due on the note to his former wife. He contends he was first aware of Bodinet's alleged malpractice in November 2012, when his bankruptcy attorney advised him there were "major problems with various designs in the Promissory Note[.]" Ainbinder argues Bodinet negligently failed to ensure that the dissolution agreement contained a "contingency for variable valuations or enactment of a buy out formula" with respect to the medical practice and the note therefore lacked consideration.[2]

**¶10** But the medical practice stopped its quarterly payments in June 2011; Ainbinder knew then that under the negotiated dissolution agreement, he would be obligated to make the quarterly equalization payments even though he was no longer receiving income from the medical practice. Moreover, the promissory note clearly stated it was non-dischargeable in bankruptcy. Accordingly, by June 2011 at the latest, Ainbinder's obligations under the consent decree, property settlement agreement, and promissory note were definite, and he was or should have been aware of the "damages" he now claims he suffered as a result of Bodinet's alleged negligence i.e., he remained obligated to make payments under the promissory note after his own payments from the medical practice ceased.

**¶11** Contrary to Ainbinder's arguments on appeal, the fact that he is not an attorney does not relieve him of his "duty to investigate with due diligence to discover the necessary facts." *Doe v. Roe*, 191 Ariz. 313, 324, ¶ 37 (1998). It was his obligation to determine within a reasonable time whether his financial quandary was caused by his former attorney's negligence. "A plaintiff need not know *all* the facts underlying a cause of action to trigger accrual," but must "at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Id.* at 323, ¶ 32 (citations omitted). Assuming Ainbinder's damages are as he asserts, the harm and the cause were ascertainable at the time the medical practice stopped making quarterly payments to him in June 2011. Thus, Ainbinder knew or reasonably should have known of the basis for the alleged malpractice more than two years before he filed his complaint

---

[2] We make no comment on the merits of this contention. If we have misconstrued Ainbinder's claim, that is because he has failed, again, to assert facts that would support tolling of his claim. *See Cullen*, 218 Ariz. at 420, ¶ 14.

in November 2014. The superior court properly dismissed the complaint pursuant to Rule 12(b)(6).

## CONCLUSION

**¶12** For the reasons stated, we affirm the superior court's order dismissing Ainbinder's complaint for failure to state a claim. Appellees are awarded their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA