518 P.2d 588

**G. Lynn ALLEN, Appellant,**

v.

**POWELL'S INTERNATIONAL, INC., an Arizona corporation, Appellee.**

**No. I CA–CIV 2076.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 31, 1974.

Harry E. Craig by J. David Rich, Phoenix, for appellant.

Snell & Wilmer by Loren W. Counce, Jr., Kent E. Turley, Phoenix, for appellee.

OPINION

OGG, Judge.

On June 11, 1969 the plaintiff-appellant G. Lynn Allen, hereinafter called plaintiff, was allegedly injured in an automobile accident. On September 21, 1971, more than two years and three months after his cause of action occurred, plaintiff filed his complaint in the Maricopa County Superior Court.

The trial judge granted summary judgment in favor of defendant-appellee Powell's International, Inc., an Arizona corporation, hereinafter called defendant, and the plaintiff brings this appeal.

Plaintiff alleges it was error for the court to bar his claim under A.R.S. § 12–542—the two year statute of limitations—for the reason he had an unsound mind as a result of the accident and the statute of limitations was tolled by the provisions of A.R.S. § 12–502 which reads:

"§ 12–502. Effect of minority, insanity or imprisonment

If a person entitled to bring an action other than those set forth in article 2 of this chapter is *at the time the cause of action accrues* either under eighteen years of age, or of *unsound mind* or imprisoned, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others. As amended

Laws 1972, Ch. 146, § 18." [Emphasis added]

Both parties carried out extensive discovery prior to the hearing and the facts appear that the plaintiff, after the accident, took care of all necessary matters and then proceeded to graduate school in Alaska where he attended classes for several weeks. He began to complain of depression and returned to Phoenix where he resumed his profession as a teacher. He continued to function as a teacher and carried out his regular day-to-day personal and business affairs although he was concerned with his emotional condition. In October, 1969 he retained an attorney to represent him in his negligence claim but no action was filed until after the two year statute of limitations had expired.

The term "unsound mind" as used in our statute has not been explicitly defined by our Legislature or our courts. The Arizona Supreme Court, in dicta, referred to this disability as insanity in the case of Western Coal & Mining Co. v. Hilvert, 63 Ariz. 171, 160 P.2d 331 (1945).

Generally, a person of "unsound mind," as used in this setting, has been interpreted to mean that such a person is unable to manage his affairs or to understand his legal rights or liabilities. 51 Am.Jur. 2d, Limitation of Actions, § 187 at 755; 54 C.J.S. Limitations of Actions § 242 at 268.

A review of the evidence in this case shows the defendant was able to carry on his regular activities and continued to function in his teaching profession. The fact that he hired a lawyer within four months after the accident is strong evidence that the plaintiff was aware of his legal rights.

In our opinion the trial judge was correct in ruling that plaintiff's condition did not fall within the "unsound mind" disability of A.R.S. § 12–502.

Affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.