932 P.2d 281

**Kim E. LOGERQUIST, a single woman, Plaintiff/Appellant,**

**v.**

**John T. DANFORTH, M.D., and Mary Jean Danforth, husband and wife; John T. Danforth, M.D., P.C., Defendants/Appellees.**

**No. 2 CA–CV 96–0046.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 3, 1996.

Review Denied Feb. 26, 1997.*

---

* Martone, J., of the Supreme Court, voted to grant the Petition for Review.

Turley & Swan, P.C. by Kent E. Turley, Phoenix, for Plaintiff/Appellant.

Teilborg, Sanders & Parks, P.C. by Frank A. Parks, Bruce Smith and Kari B. Bishop, Phoenix, for Defendants/Appellees.

## OPINION

PELANDER, Presiding Judge.

The primary issue in this case is whether, and under what circumstances, the "discovery rule" should apply to delay commencement of the statute of limitations period when a plaintiff's claims are based on repressed memories of childhood sexual abuse. Concluding that such claims by plaintiff/appellant Kim Logerquist were time-barred, the trial court granted summary judgment for defendants/appellees. Plaintiff appeals from that judgment and from the trial court's subsequent denial of her motion for new trial. For the reasons stated below, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on August 27, 1962. Defendant John Danforth, M.D. is a pediatrician who has practiced in Mesa, Arizona since 1965. Danforth saw plaintiff on four office visits between 1971 and 1973, when plaintiff was eight and ten years old: twice for an ear infection, once for a urinary tract infection and once for a rash. Plaintiff claims that Danforth sexually molested her during those visits. She also alleges that she first remembered these events sometime in September 1991 and that until that time she "unconsciously blocked and/or repressed the memories of said assaults in order to survive emotionally." In her deposition plaintiff testified that although she was unsure what triggered the memories, they occurred spontaneously when she was watching an old movie on television in September 1991. In the fall of 1991, plaintiff told two friends that her memories first surfaced while she was watching a commercial for children's medicine in which a pediatrician appeared.

Plaintiff has three distinct memories which underlie her present claims. On each occasion plaintiff was completely undressed and alone with Danforth in an examination room.

In one memory, Danforth asks plaintiff's mother to leave the room. In the first memory, plaintiff recalls Danforth touching her inappropriately between the legs and inserting something cold into her vagina. In the second memory, plaintiff remembers feeling something inserted into her vagina and rectum and Danforth, after pulling out a large syringe, threatening to give her a big shot if she does not stop fussing. In the third memory, she remembers moving backwards on the table, feeling something inserted in her rectum and vagina, and being pulled down onto the table.[1] Plaintiff's mother, who accompanied her to Danforth's office on three of the four visits, died in 1980. Danforth has denied plaintiff's allegations.

Plaintiff filed this action in September 1992, alleging various intentional torts, malpractice and breach of fiduciary duty. After the parties conducted considerable discovery, Danforth moved for summary judgment, primarily contending that plaintiff's claims were time-barred.[2] The trial court granted the motion and later denied plaintiff's motion for new trial. This appeal followed.

## STANDARD OF REVIEW

In reviewing the granting of summary judgment on statute of limitations grounds, we view the evidence in a light most favorable to the party against whom summary judgment was entered and independently review any questions of law relating to the statute of limitations defense. *Owens v. City of Phoenix*, 180 Ariz. 402, 405, 884 P.2d 1100, 1103 (App.1994); *Zuck v. State*, 159 Ariz. 37, 39, 764 P.2d 772, 774 (App.1988). We must determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *United Bank of Arizona v. Allyn*, 167 Ariz. 191, 805 P.2d 1012 (App.1990). Summary judgment is proper when the evidence presented by the party opposing the motion has so little probative value, given the required burden of proof, that reasonable ju-

rors could not agree with the opposing party's conclusions. *Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990). We will affirm if the trial court's disposition is correct for any reason. *Zuck*, 159 Ariz. at 42, 764 P.2d at 777.

## DISCUSSION

Our supreme court has explained the rationale underlying the statute of limitations as

> primarily for the protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded. This policy is sound and necessary for the orderly administration of justice. However, this policy may be outweighed "where the interests of justice require vindication of the plaintiff's rights."

*Brooks v. Southern Pacific Co.*, 105 Ariz. 442, 444, 466 P.2d 736, 738 (1970), *quoting Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965). *See also Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990).

In determining whether a particular claim is time-barred, four factors must be examined: "(1) when did the plaintiff's cause of action accrue; (2) what is the applicable statute of limitations period; (3) when did the plaintiff file his [or her] claim; and (4) was the running of the limitations period suspended or tolled for any reason?" *Taylor v. State Farm Mut. Auto. Ins. Co.*, 182 Ariz. 39, 41, 893 P.2d 39, 41 (App.1994), *vacated in part on other grounds*, 185 Ariz. 174, 913 P.2d 1092 (1996). There is no dispute about factors (2) and (3) in this case, but the pivotal issues center on factors (1) and (4).

A personal injury action such as this must be "commenced and prosecuted within two years after the cause of action accrues, and not afterward." A.R.S. § 12–542. Due to plaintiff's minority status at the time of the

---

1.  Plaintiff assumes, but does not know, that Danforth inserted some kind of instrument into her in the first and second memories. In all of plaintiff's memories, Danforth was fully dressed and never exposed his penis.

2.  Danforth also argued that plaintiff's evidence was too speculative to present to a jury and that theories regarding repressed memory were not generally accepted in the scientific community.

alleged torts, the two-year limitations period normally would begin to run on her eighteenth birthday. A.R.S. § 12–502(A). Thus, unless the statute of limitations was tolled or otherwise extended, plaintiff was required to file suit by no later than August 27, 1982. She filed this action on September 11, 1992.

## A. *UNSOUND MIND*

■ Plaintiff contends that her claims are tolled, and therefore not time-barred, because she was of "unsound mind" under A.R.S. § 12–502(A) (1992).[3] "Unsound mind" means that a person is "unable to manage his affairs or to understand his legal rights or liabilities." *Allen v. Powell's Int'l, Inc.*, 21 Ariz.App. 269, 270, 518 P.2d 588, 589 (1974). Our supreme court recently addressed the meaning of "unsound mind" in cases in which the plaintiffs argued that post-traumatic stress disorder resulting from past childhood sexual abuse constituted "unsound mind," thereby tolling the statute of limitations under § 12–502(A). *Florez v. Sargeant*, 185 Ariz. 521, 917 P.2d 250 (1996). In rejecting that argument, the court applied the *Allen* test and stated:

> The focus of the unsound mind inquiry is on a plaintiff's ability to manage his or her ordinary daily affairs. It does not focus on the plaintiff's ability to pursue the subject matter of the litigation at issue.

*Id.*, 185 Ariz. at 525, 917 P.2d at 254. The court noted that "[i]f there is hard evidence that a person is simply incapable of carrying on the day-to-day affairs of human existence, then the statute is tolled [, but] [o]therwise it is not." *Id.*, 185 Ariz. at 526, 917 P.2d at 255. Because the evidence demonstrated that both plaintiffs could function on a day-to-day basis and understood the nature of their legal rights, the court concluded that they were not of "unsound mind." *Id.*

■ Similarly, plaintiff presented insufficient evidence in this case to support a finding that she was incapable of managing her daily affairs or of understanding the nature of her legal rights. She has pursued an education in nursing and has held jobs in the health care field. Repressed memory due to childhood sexual abuse is an insufficient basis in itself for concluding that she was of "unsound mind," and therefore the limitations period was not tolled under § 12–502(A). *See Lovelace v. Keohane*, 831 P.2d 624 (Okla. 1992).

## B. *DISCOVERY RULE*

■ Plaintiff alternatively contends that she timely filed this action because her claim did not accrue until September 1991. Determination of a claim's accrual date may implicate the so-called "discovery rule." That common law rule, if sufficient evidence supporting its application is presented, may delay commencement of the time period within which suit must be filed. Under the discovery rule, a cause of action accrues "when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct and therefore the statute of limitations does not begin to run until that time." *Mayer v. Good Samaritan Hosp.*, 14 Ariz.App. 248, 252, 482 P.2d 497, 501 (1971). *See also Vega v. Morris*, 184 Ariz. 461, 463, 910 P.2d 6, 8 (1996). In other words, "the claim is barred two years from when the plaintiff knew or should have known facts giving rise to the claim." *Anson v. American Motors Corp.*, 155 Ariz. 420, 424, 747 P.2d 581, 585 (App.1987).

■ The burden of establishing that the discovery rule applies to delay the statute of limitations rested on plaintiff. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 155, 871 P.2d 698, 702 (App.1993); *Cooney v. Phoenix Newspapers, Inc.*, 160 Ariz. 139, 141, 770 P.2d 1185, 1187 (App.1989). "Once the defendant has established a *prima facie* case entitling him to summary judgment [on a statute of limitations defense], the plaintiff has the burden of showing available, competent evidence that would justify a trial." *Ulibarri*, 178 Ariz. at 156, 871 P.2d at 703.

Arizona courts have applied the discovery rule to claims of malpractice, *Kenyon v. Hammer*, 142 Ariz. 69, 688 P.2d 961 (1984);

---

3. The statute provides that "[i]f a person entitled to bring an action ... is at the time the cause of action accrues ... of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action." A.R.S. § 12–502(A).

*Mayer;* products liability, *Anson;* and recently breach of contract, *Gust, Rosenfeld & Henderson v. Prudential Ins.,* 182 Ariz. 586, 898 P.2d 964 (1995). In *Ulibarri,* Division One of this court applied the discovery rule to a case involving impaired memory and sexual abuse claims. The plaintiff in that case alleged that in 1983 and 1984 her psychiatrist had engaged in improper sexual conduct with her "while she was under hypnosis and . . . had given her post-hypnotic suggestions that she would not remember his conduct." 178 Ariz. at 156, 871 P.2d at 703. Plaintiff claimed that she could not have discovered the wrongful acts until 1990 because of the post-hypnotic suggestions. *Id.* The doctor admitted the sexual affair but claimed that it was consensual.

In holding that the statute of limitations did not bar the plaintiff's claim, the court in *Ulibarri* relied on cases based on insanity and duress, *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d 606 (1988); *Jones v. Jones,* 242 N.J.Super. 195, 576 A.2d 316 (1990); wrongful concealment by the defendant, *Cooney v. Phoenix Newspapers, Inc.,* 160 Ariz. 139, 770 P.2d 1185 (App.1989); and the discovery rule, *Mary D. v. John D.,* 216 Cal.App.3d 285, 264 Cal.Rptr. 633 (1989), *review granted,* 268 Cal.Rptr. 283, 788 P.2d 1155, *review dismissed,* 275 Cal.Rptr. 380, 800 P.2d 858 (1990).[4] The court held:

> [W]hen the plaintiff presents evidence that the defendant concealed a cause of action thereby preventing the plaintiff from timely filing the claim, and when the defendant admits the actions underlying the claim thereby reducing the risk of staleness, the question of whether there is wrongful concealment capable of tolling the statute of limitations cannot be resolved by summary judgment.

178 Ariz. at 159, 871 P.2d at 706. The court further held that the plaintiff had raised "a material fact issue as to whether she could have discovered the existence of her cause of action within the statutory time period." *Id.* at 162, 871 P.2d at 709. The plaintiff's affidavit and the affidavit of her treating physician presented triable issues of fact as to the defendant's wrongful concealment by hypnosis. *Id.* at 159, 871 P.2d at 706. The doctor's admission corroborated the plaintiff's claim "that sexual acts had in fact occurred." *Id.* at 157, 871 P.2d at 704. Accordingly, the court ruled that summary judgment should not have been granted.

■ Division One of this court also recently held "that the discovery rule applies to cases of repressed memory alleged to arise from childhood sexual abuse." *Doe v. Roe,* 187 Ariz. 605, 609, 931 P.2d 1115, 1119 (Ct. App.1996). The plaintiff in that case claimed that her father had sexually abused her as a child and, as plaintiff alleges here, "she developed psychological coping mechanisms which caused her to completely repress the memory of this abuse." *Id.,* at 605, 931 P.2d at 1115. In *Doe,* the plaintiff's first recollection was a "flashback" in July 1989, over twenty years later, triggered by a television program discussing childhood incest. *Id.* Although the plaintiff immediately sought psychological counseling, she did not file suit until May 1992. Under those facts the court in *Doe* held that the plaintiff's claim was time-barred because she did not file suit within two years of discovering the facts underlying her claim.[5]

■ Assuming the trial court determines that evidence of the underlying claim of repressed memory is admissible (*see* section (C), *infra* ), we agree with the decision in

**4.** Our supreme court in *Florez* distinguished *Ulibarri* and did not determine whether it was correctly decided. The court noted, however, that *Ulibarri* merged "such doctrines as equity, a 'delayed discovery rule,' and concealment" and "appears to be based upon an unprecedented amalgamation of a variety of different theories." 185 Ariz. at 528, 917 P.2d at 257.

**5.** Unlike *Florez, Doe,* and *Floyd v. Donahue,* 186 Ariz. 409, 923 P.2d 875 (App.1996), there are

unresolved factual issues in this case as to whether plaintiff knew or by the exercise of reasonable diligence should have known, more than two years before filing suit, that Danforth or anybody else had molested her. That plaintiff may have realized what was occurring to her at the time of the alleged events does not, by itself, preclude application of the discovery rule. *See Farris v. Compton,* 652 A.2d 49, 55 (D.C.App.1994). At a minimum, genuine issues of material fact exist as to those topics.

*Doe* to the extent it held that a plaintiff who allegedly was sexually abused as a child but during minority repressed all memories of the abuse until adulthood should have an opportunity to invoke the discovery rule. A number of other courts have reached that conclusion. *See, e.g., Hewczuk v. Sambor,* 803 F.Supp. 1063 (E.D.Pa.1992) (applying Pennsylvania law); *Hoult v. Hoult,* 792 F.Supp. 143, 145 (D.Mass.1992) (applying Massachusetts law); *Johnson v. Johnson,* 701 F.Supp. 1363, 1367 (N.D.Ill.1988) (applying Illinois law); *Evans v. Eckelman,* 216 Cal.App.3d 1609, 265 Cal.Rptr. 605 (1990); *Farris v. Compton,* 652 A.2d 49, 52 (D.C.App. 1994); *Phillips v. Johnson,* 231 Ill.App.3d 890, 893, 174 Ill.Dec. 458, 461, 599 N.E.2d 4, 7 (1992); *Doe v. Cherwitz,* 518 N.W.2d 362, 364 (Iowa 1994); *Sheehan v. Sheehan,* 901 S.W.2d 57 (Mo.1995); *McCollum v. D'Arcy,* 138 N.H. 285, 287, 638 A.2d 797, 799 (1994); *Osland v. Osland,* 442 N.W.2d 907 (N.D. 1989); *Ault v. Jasko,* 70 Ohio St.3d 114, 116, 637 N.E.2d 870, 872 (1994).[6]

Courts adopting the discovery rule have emphasized the unfairness of requiring plaintiffs to sue at a time when their injury was not apparent and they could not reasonably have known about it. *E.g., Farris,* 652 A.2d at 58. Courts have also been influenced by the unique problems presented by child sexual abuse:

> To rule that a child of tender years who is sexually abused, but promptly "forgets" the trauma and is not conscious of the wrong until the curtain of repression is lifted later in life, is barred as a matter of law from claiming damages because of the two-year statute of limitations, would be to declare that, in virtually all cases involving sexual abuse of young children committed in secret and not discovered by others at the time, the wrongdoer would be immunized from both criminal and civil consequences.

*Hewczuk v. Sambor,* 803 F.Supp. 1063, 1065 (E.D.Pa.1992). These considerations persuade us that a plaintiff should not automatically be precluded from applying the discovery rule in this context.

*Ulibarri* imposed two requirements for invoking the discovery rule in cases such as this: the defendant must have wrongfully concealed the claim, and the plaintiff must provide some evidence corroborating that the alleged events occurred. *Ulibarri,* 178 Ariz. at 159, 871 P.2d at 706. Defendants contend, and the trial court implicitly concluded, that both elements are required and lacking here, thus justifying the summary judgment for them. We now evaluate that contention.

### 1. *Concealment*

Under *Ulibarri,* "[t]he wrongful concealment sufficient to toll a statute of limitations requires a positive act by the defendant taken for the purpose of preventing detection of the cause of action." 178 Ariz. at 162, 871 P.2d at 709. The alleged concealment in that case consisted of the defendant's "hypnotizing the plaintiff to obtain the delay of which he actively [sought] to take advantage by pleading the statute of limitations bar to plaintiff's cause of action." *Id.* Plaintiff presented no such facts here. In its discussion of the discovery rule, the court in *Doe* apparently accepted the concealment requirement, finding "concealment, in the form of repressed memory, [arising] directly out of the acts alleged to have caused the harm complained of." 187 Ariz. at 609, 931 P.2d at 1119.

A defendant's wrongful concealment of facts preventing the plaintiff from detecting the wrongful act is a separate and distinct theory for tolling the statute of limitations. *See, e.g., Cooney,* 160 Ariz. at 141, 770 P.2d at 1187 (App.1989); *Jackson v. American Credit Bureau, Inc.,* 23 Ariz.App. 199, 202, 531 P.2d 932, 935 (1975). While evidence of fraudulent concealment may affect analysis and application of the discovery rule, it is not a prerequisite to the rule's operation. *See Anson,* 155 Ariz. at 426–29, 747 P.2d at 587–90. Therefore, to the extent *Ulibarri* and *Doe* suggest that the defendant's active con-

---

**6.** *See also* Lisa Bickel, *Note, Tolling the Statute of Limitations in Actions Brought by Adult Survivors of Childhood Sexual Abuse,* 33 Ariz. L.Rev. 427 (1991); Gregory G. Sarno, Annotation, *Emotional or Psychological "Blocking" or Repression as Tolling Running of the Statute of Limitations,* 11 A.L.R. 5th 588 (1993).

cealment is a necessary condition for applying the discovery rule in cases such as this, we reject that suggestion.

### 2. Corroboration

The court in *Doe* did not address *Ulibarri*'s corroboration requirement. Most courts which have applied the discovery rule to cases involving repressed memory of childhood sexual abuse have not required corroboration. As the New Hampshire Supreme Court stated: "[W]e have not established the requirement of independent corroboration for other potential applications of the common law discovery rule." *McCollum*, 138 N.H. at 288, 638 A.2d at 799. *See also Hoult*, 792 F.Supp. at 145; *Phillips*, 231 Ill.App.3d at 893, 174 Ill.Dec. 458, 599 N.E.2d at 7. Similarly, other than *Ulibarri*, there is no precedent in Arizona for imposing a corroboration requirement as a prerequisite to applying the discovery rule in determining when a plaintiff's claim accrued for limitations purposes.

Our supreme court in *Florez* clearly stated the dilemma posed here:

Child sexual abuse cases present very difficult problems because of the competing interests at stake. The acts alleged are awful. They would arouse the righteous indignation of any sensible person. On the other hand, statutes of limitations are designed to encourage plaintiffs to pursue claims diligently and to prevent the assertion of stale and fraudulent claims.

185 Ariz. at 526, 917 P.2d at 255. There undoubtedly are legitimate concerns and potential evidentiary problems presented by stale claims such as this: evidence is less available as time passes; witnesses may no longer be available; and evidence becomes less trustworthy because memories fade or are affected by intervening events and experiences. *Tyson v. Tyson*, 107 Wash.2d 72, 76, 727 P.2d 226, 228 (Wash.1986), *superseded by statute*, Wash. Rev.Code § 4.16.340. We understand and appreciate those concerns. Application of the discovery rule to this type of case, however, does not unduly prejudice defendants because "plaintiffs still bear the burden of proving their claims," *Ault*, 70 Ohio St.3d at 118, 637 N.E.2d at 872,

and "the burden placed on the defendant[s] is much less than the greater injustice that the plaintiff[s] would suffer" in having no "remedy for an injury they were unaware existed until after the expiration of the statute of limitations." *Id.*, 70 Ohio St.3d at 118, 637 N.E.2d at 872–73. *See also Farris*, 652 A.2d at 59. Moreover, the "complaint of lost witnesses and impaired memories is common to all cases in which the running of the statute of limitations has been deferred or interrupted." *Id.* at 58.

We recognize that some courts have struck a balance between the competing interests by conditioning the application of the delayed discovery rule in cases involving repressed memory of childhood sexual abuse on a showing of some evidence corroborating the claims. *See, e.g., Petersen v. Bruen*, 106 Nev. 271, 792 P.2d 18 (1990); *Olsen v. Hooley*, 865 P.2d 1345 (Utah 1993). Similarly, some state legislatures have imposed a corroboration requirement by statute. *See, e.g.,* Cal.Civ.Proc.Code § 340.1 (West Supp.1996); Oklahoma Stat. Ann. tit. 12, § 95(6) (West Supp.1996). A few courts have totally rejected the discovery rule in repressed memory cases because of the unique problems and concerns these cases pose. *See, e.g., Lemmerman v. Fealk*, 449 Mich. 56, 534 N.W.2d 695 (1995); *Tyson*.

In Arizona, however, the statute of limitations defense is not favored, *Gust, Rosenfeld*, 182 Ariz. at 590, 898 P.2d at 968, "and the discovery rule developed as a tool to mitigate the harshness of applying the statute to a plaintiff who could not have known any of the facts underlying the cause of action." *Doe*, 187 Ariz. at 609, 931 P.2d at 1119, *citing Gust, Rosenfeld*, 182 Ariz. at 588, 898 P.2d at 966. Moreover, in this state, determination of a claim's accrual date usually is a question of fact, with the inquiry centering on the plaintiff's knowledge of the subject event and resultant injuries, whom the plaintiff believed was responsible, and plaintiff's diligence in pursuing the claim. *Anson*, 155 Ariz. at 425, 747 P.2d at 586. Application of the discovery rule often depends on resolution of such factual issues, and "[t]his court's function is not to resolve disputed facts." *Lawhon v. L.B.J.*

*Institutional Supply, Inc.*, 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (App.1988).

In this case, plaintiff claims that Dr. Danforth sexually abused her during childhood and, because of a totally repressed memory, she neither knew nor should have known of the abuse until 1991. She presented evidence, including expert testimony, supporting her claims. Danforth denies the allegations. This is a classic factual dispute involving credibility and memory issues for which summary judgment is inappropriate.[7] Relevant considerations bearing on the factual issues may include whether Danforth concealed his alleged acts, whether there is any evidence corroborating plaintiff's claims, whether repressed memory syndrome is a recognized and legitimate phenomenon and, if so, whether plaintiff genuinely had repressed memory. If the trier of fact concludes from the evidence that plaintiff knew or reasonably should have known of the alleged abuse more than two years before she filed suit, then her claim is time-barred.

In our view, selectively engrafting a corroboration requirement on the discovery rule's application only in this type of case makes little sense and would amount to unwarranted judicial fiat.[8] Whether the discovery rule in this context should be conditioned on evidence of concealment or corroboration is a policy decision best left to the legislature. *Cf. Florez*, 185 Ariz. at 529, 917 P.2d at 258 ("These are very delicate policy decisions that properly belong to the legislative branch of government.... [T]he weighing, balancing, and policy making that go into such an enterprise are properly legislative, not judicial, tasks."); *Doe*, 187 Ariz. at 612, 931 P.2d at 1122 ("If a claimant is to have a longer period than two years following the first

discovery of childhood sexual abuse, that extension will have to come from the legislature. We do not have the power to make that change."). Arizona's legislature may choose to join the trend of state legislatures actively establishing parameters governing statute of limitations issues in cases like this. *Cf. Gust, Rosenfeld*, 182 Ariz. at 588 n. 1, 898 P.2d at 966 n. 1 ("Subject to any applicable constitutional limitations, the legislature may determine whether the discovery rule should apply to accrual of claims under any particular statute of limitations.").[9] Unless and until that occurs, however, neither the concealment nor the corroboration requirement is consistent with Arizona's common law discovery rule and cannot support summary judgment for defendants here.[10]

## C. ADMISSIBILITY OF REPRESSED MEMORY EVIDENCE

Defendants contend, as they did in the trial court, that plaintiff's repressed memory claim is based on experimental and questionable theories which have not been generally accepted by the scientific community. Therefore, according to defendants, any evidence of repressed memory is inadmissible under *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). Since the trial court did not address or rule on these issues, and since their resolution seemingly will require analysis and determination of facts and opinions, we cannot sustain the summary judgment for defendants on that ground based on the record before us. *Cf. Ulibarri*, 178 Ariz. at 156, 871 P.2d at 703 (leaving open the question "whether plaintiff's evidence regarding hypnosis complies with 'the *Frye* test' or establishes that it is generally accepted in the

---

**7.** Many courts have concluded that application of the discovery rule and determination of the claim's accrual date in cases like this involve factual questions for the jury's resolution. *See, e.g., Hewczuk*, 803 F.Supp. at 1065; *Hoult*, 792 F.Supp. at 145; *Johnson*, 701 F.Supp. at 1370; *Farris*, 652 A.2d at 59–60; *Osland*, 442 N.W.2d at 909.

**8.** Even in the criminal context, the state may prosecute and convict defendants for child molestation and sexual abuse based solely on the

victim's testimony, in the absence of physical evidence. *See State v. Moran*, 151 Ariz. 373, 728 P.2d 243 (App.1985), *approved in part, vacated in part on other grounds*, 151 Ariz. 378, 728 P.2d 248 (1986).

**9.** *See* the statutes cited in *S.V. v. R.V.*, 933 S.W.2d 1, 21–23 (Tex.1996) (rehearing pending).

**10.** Therefore, we need not address plaintiff's contention that *Ulibarri*'s corroboration requirement should not be applied retroactively.

24

scientific field that one can be hypnotized and thus made to forget"); *State v. Quattrocchi*, 681 A.2d 879, 884 (R.I.1996) (Trial court "should exercise a gatekeeping function and hold a preliminary evidentiary hearing outside the presence of the jury in order to determine whether [repressed memory] evidence is reliable and whether the situation is one on which expert testimony is appropriate.").[11] We reverse the summary judgment for defendants and remand for further proceedings not inconsistent with this decision.

LIVERMORE and FLÓREZ, JJ., concur.

---

**11.** Some federal courts, applying the standards articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), have concluded that "the reliability of the phenomenon of repressed memory has been established, and therefore, [the court] will permit the plaintiff to introduce evidence which relates to the plaintiff's recovered memories." *Shahzade v. Gregory*, 923 F.Supp. 286, 287–88 (D.Mass.1996). *See also Isely v. Capuchin Province*, 877 F.Supp. 1055, 1066 (E.D.Mich.1995); *Jacqueline Hough, Note, Recovered Memories of Childhood Sexual Abuse: Applying the Daubert Standard in State Courts*, 69 S. Cal. L.Rev. 855, 883 (1996) (recommending pretrial *Daubert* hearing); *Matthew J. Eisenberg, Comment, Recovered Memories of Childhood Sexual Abuse: The Admissibility Question*, 68 Temp. L.Rev. 249, 278 (1995) (recommending pretrial determination of admissibility based on *Daubert*).