NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY JAMES MERRICK, III, *Plaintiff/Appellant*,

*v.*

DOMINICK HURLEY; JOHN HURLEY; TRACEY WEAVER; HEATHER GEBERT, *Defendants/Appellees*.

No. 1 CA-CV 14-0259

FILED 5-12-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-010624
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

COUNSEL

Anthony Merrick, San Luis
*Plaintiff/Appellant*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

**T H O M P S O N**, Judge:

**¶1**          Anthony James Merrick, III, appeals from the trial court's dismissal of his amended complaint against Dominick Hurley, John Hurley, Tracey Weaver, and Heather Gebert (defendants). For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          In July 2011, Merrick was convicted of fraudulent schemes and artifices, theft, and nine counts of theft of a credit card or obtaining a credit card by fraudulent means.[2]  In August 2013, Merrick filed a pro per complaint against defendants, including his co-defendant in cause no. CR2010-005367-001, alleging numerous causes of action. Defendants moved to strike portions of the complaint and to dismiss the complaint for statute of limitations. On December 3, 2013, the trial court granted the defendants' motion to dismiss in part, and dismissed plaintiff's complaint as insufficient as a matter of law. The trial court gave Merrick fifteen days to file an amended complaint.

**¶3**          Merrick subsequently filed an amended complaint on December 23, 2013, again alleging several causes of action, including conversion; trespass; civil conspiracy; fraud; fraudulent concealment; negligent misrepresentation; intentional misrepresentation; intentional interference with business relationships; defamation;[3] and intentional

---

[1]          In reviewing a motion to dismiss, "we review the well-pleaded facts alleged in the complaint as true," *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4, 121 P.3d 1256, 1259 (App. 2005), and resolve all reasonable inferences in favor of the plaintiff. *McDonald v. City of Prescott*, 197 Ariz. 566, 567, ¶ 5, 5 P.3d 900, 901 (App. 2000).

[2]          This court affirmed all of Merrick's convictions, with the exception of four counts of theft of a credit card in *State v. Merrick*, 1 CA-CR 11-0549, 2012 WL 4955425, at *1, ¶ 1 (Ariz. App. Oct. 18, 2012) (mem. decision).

[3]          Merrick does not challenge the trial court's dismissal of the defamation claim. Accordingly, we do not consider this aspect of the court's ruling on appeal. See ARCAP 13(a)(6), (7) (appellant's brief shall contain issues presented for review with argument); *see also Hurd v. Hurd*, 223 Ariz. 48, 51 n.3, 219 P.3d 258, 260 n.3 (App. 2009) (issues not raised properly on appeal waived).

infliction of emotional distress. On February 6, 2014, the court sua sponte dismissed Merrick's amended complaint as insufficient as a matter of law. Merrick timely appealed from the dismissal of the amended complaint.[4] We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2003), -2101(A)(1) (2003).

## DISCUSSION

**¶4**        Merrick argues that the trial court erred in determining that the amended complaint was barred by the statute of limitations.[5] We review the trial court's dismissal of a complaint de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). In our review, we consider the pleading, documents attached to and referenced within the pleading, as well as public records. *Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC.*, 224 Ariz. 60, 63-64, ¶¶ 10, 13, 226 P.3d 1046, 1049-50 (App. 2010). To determine whether a claim is time-barred, we examine four factors: "(1) when did the plaintiff's cause of action accrue; (2) what is the applicable statute of limitations period; (3) when did the plaintiff file his [or her] claim; and (4) was the running of the limitations period suspended or tolled for any reason?" *Taylor v. State Farm Mut. Auto. Ins. Co.*, 182 Ariz. 39, 41, 893 P.2d 39, 41 (App. 1994) (citing *Roldan v. Allstate Ins. Co.*, 544

---

[4]        Merrick filed a notice of appeal, dated February 28, 2014, which was received and stamped filed by the clerk of the superior court on March 19, 2014. At the request of this court, Merrick filed a declaration of service of notice, attesting that he submitted the notice of appeal to prison officials on February 28, 2014, but that it was returned to him. Merrick further attested that he mailed the notice of appeal to the Clerk of the Court on March 4, 2014. Accordingly, we deem Merrick's notice of appeal to be timely filed. *See Mayer v. State*, 184 Ariz. 242, 245, 908 P.2d 56, 59 (App. 1995) ("[P]ro se prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court.").

[5]        We note that defendants failed to file an answering brief. Thus, we could regard their failure to do so as a confession of error and reverse the superior court's order dismissing Merrick's claims against them. *See* ARCAP 15(a)(2). In our discretion, we decline to do so, *Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994) (confession of reversible error doctrine is discretionary), and have reviewed the record and elected to address the merits of Merrick's claims against defendants.

N.Y.S.2d 359, 362 (N.Y. App. Div. 1989)), *vacated in part on other grounds*, 185 Ariz. 174, 913 P.2d 1092 (1996).

¶5        A civil cause of action for conversion, trespass, civil conspiracy, negligent misrepresentation, intentional misrepresentation, intentional interference with business relationships, and intentional infliction of emotional distress must be brought within two years. *See* A.R.S. § 12-542(1), (3), (5) (2003). A cause of action accrues when one party is able to sue the other, or when the plaintiff knows or, through the exercise of reasonable diligence, should know the facts underlying the cause of action. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995). Hence, the claims are barred two years from when Merrick knew or should have known facts giving rise to his claims.

¶6        Merrick asserts that between September 2007 and October 2008, defendants used his name, phone number and address without his permission to obtain numerous gift cards. He further alleges that between March 2009 and March 2011, defendants conspired to obstruct and interfere with his investigation into the conversion of his property, and misrepresented information that they gave to him and to legal authorities. Based on the pleadings and trial transcript in Cause No. CR2010-005367-001, it is clear that Merrick knew of the alleged wrongful conduct by June 2011, and, therefore, the accrual date had to be on that date or earlier. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 185 Ariz. 174, 177, 913 P.2d 1092, 1095 (1996). Because the complaint was not filed within two years of the accrual date, the trial court did not err in dismissing these claims.

¶7        Notwithstanding the belated filing, Merrick argues that the statute of limitations was equitably tolled. The equitable tolling doctrine recognizes that "a defendant whose affirmative acts of fraud or concealment have misled a person from either recognizing a legal wrong or seeking timely legal redress may not be entitled to assert the protection of a statute of limitations." *Porter v. Spader*, 225 Ariz. 424, 428, ¶ 11, 239 P.3d 743, 747 (App. 2010). The elements of equitable tolling are: (1) specific promises, threats or inducements that prevented the plaintiff from filing suit; (2) the promises, threats or representations actually induced the plaintiff to forebear filing suit; (3) the conduct reasonably caused the plaintiff to forebear filing a timely action; and (4) the plaintiff filed suit within a reasonable time after the estoppel-inducing conduct ended. *Nolde v. Frankie*, 192 Ariz. 276, 280, ¶¶ 16–19, 964 P.2d 477, 481 (1998) (citations omitted). Application of equitable tolling is a legal question for the court.

*McCloud v. State*, 217 Ariz. 82, 86, ¶ 9, 170 P.3d 691, 695 (App. 2007) (citation omitted).

¶8          Merrick identifies no promise, threat, or inducement by the defendants that prevented him from filing a timely action.  Furthermore, despite Merrick assertion that he did not discover the alleged claims until September to October 2011, the record shows that Merrick knew of the claims by at least June 22, 2011, thereby triggering commencement of the limitations period.  *See  Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 130, 412 P.2d 47, 63 (1966) ("[T]he statute of limitations runs from the time the aggrieved party should have discovered the fraud in the exercise of reasonable care and diligence.").

¶9          Merrick's additional argument that the statute of limitations was tolled because of his incarceration is equally unavailing.  Arizona no longer recognizes imprisonment as a legal disability sufficient to toll the time imposed by a statute of limitations.  *See* A.R.S. § 12-502 (2003), Historical and Statutory Notes (stating 1996 amendment deleted tolling provision applicable to inmates).  A.R.S. § 12-502 provides the following:

> If a person entitled to bring an action . . . is at the time the cause of action accrues . . . of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action.  Such person shall have the same time after removal of the disability which is allowed to others.

"Tolling for unsound mind . . . requires that the factfinder determine whether the plaintiff had the mental capacity to bring a claim. . . ."  *Doe v. Roe*, 191 Ariz. 313, 326, ¶ 41, 955 P.2d 951, 964 (1998).  "In Arizona, unsound mind occurs when the 'person is unable to manage his affairs or to understand his legal rights or liabilities.'"  *Id*. at ¶ 42, 955 P.2d 951 (quoting *Allen v. Powell's Int'l, Inc.*, 21 Ariz. App. 269, 270, 518 P.2d 588, 589 (1974)).  An assertion of an inability to bring suit timely due to an unsound mind requires a plaintiff to "set forth specific facts—hard evidence—supporting the conclusion of unsound mind." *Id*.  Because the record does not contain evidence that Merrick was mentally disabled, the time for filing the complaint was not tolled.

*Fraud Claims*

¶10          In addition, to the extent Merrick's complaint raised a claim for fraud and fraudulent concealment, it was properly dismissed as an impermissible collateral attack on the prior judgment in Cause No. CR2010-

005367-001. An action seeking independent relief that would have the consequence of destroying a prior judgment is a collateral attack on the prior judgment. *Duncan v. Progressive Preferred Ins. Co*, 228 Ariz. 3, 7, ¶ 13, 261 P.3d 778, 782 (App. 2011); *see Cooper v. Commonwealth Title of Ariz.*, 15 Ariz. App. 560, 562, 489 P.2d 1262, 1264 (1971) (stating that a judgment is under collateral attack when the primary purpose of an action is obtaining independent relief, and vacating or setting aside the judgment is only incidental to that purpose). A judgment may not be attacked collaterally, even for fraud, unless the judgment is void on its face. *Walker v. Davies*, 113 Ariz. 233, 235, 550 P.2d 230, 232 (1976).

**¶11** Merrick's complaint does not assert a jurisdictional flaw in the prior judgment. Rather, Merrick alleged that defendants were responsible for the illegal activity he was accused of in Cause No. CV2006-005503, they made false statements and withheld information in the 2011 criminal case, and filed documents in that case containing "libelous and defamatory statements" against him. Merrick's complaint seeks relief that includes damages to compensate for "lost wages and income, emotional distress, loss of five businesses and income therefrom, lowering his credit score and putting Plaintiff in debt more than $40,000.00." Although the complaint seeks some damages in addition to relief from the judgment, the claims clearly arise out of Cause No. CV2006-005503; Merrick raises the same arguments and accusations that were previously rejected by the jury in that action; and it is clear that the relief sought would have the effect of destroying the prior judgment. We agree with the trial court that the complaint represented an impermissible collateral attack on the prior judgment.

*Court's Sua Sponte Dismissal of Amended Complaint*

**¶12** Lastly, Merrick argues that the trial court erred in dismissing the amended complaint sua sponte. We disagree. A trial court has inherent authority to dismiss claims sua sponte, and does not err in dismissing all claims sua sponte when the plaintiff cannot possibly obtain relief. *See Acker v. CSO Chevira*, 188 Ariz. 252, 254, 934 P.2d 816, 818 (App. 1997); *see also City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 549, 554, ¶¶ 4, 22, 20 P.3d 590, 592, 597 (App. 2001) (affirming trial court's dismissal even though defendant had not filed motion to dismiss). Sua sponte dismissals are generally used to "get control of inmates who have proven themselves to be abusers of the *in forma pauperis* privilege by filing frivolous actions." *Acker*, 188 Ariz. at 254, 934 P.2d at 818. When a court issues a sua sponte dismissal under its inherent authority, it should make findings to explain its actions. *See id.* at 256, 934 P.2d at 820 (citations omitted). It is not

required to provide the plaintiff with an opportunity to respond to the motion; such an opportunity is only required when a court, sua sponte, dismisses a claim under Arizona Rule of Civil Procedure 12(b)(6) rather than under its inherent authority. *See Acker*, 188 Ariz. at 255-56, 934 P.2d at 819-20.

¶13      The trial court dismissed Merrick's amended complaint because it was "insufficient as a matter of law." The trial court explained in its minute entry that the claims were barred by the statute of limitations, were a collateral attack on the previous judgment, and failed to meet the requisite standards necessary to sustain the claim. The court's sua sponte dismissal was a proper exercise of its inherent authority to prevent "filing excesses" by inmates that "interfere[ ] with the orderly administration of justice." *See id.* at 254, 934 P.2d at 818. Accordingly, the court did not err by dismissing Merrick's amended complaint.

## CONCLUSION

¶14      For the foregoing reasons, we affirm the trial court's dismissal of Merrick's amended complaint.



Ruth A. Willingham · Clerk of the Court
FILED: ama