
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA BREESER; JOHN CHARLES BREESER, Jr., wife and husband on behalf of themselves and on behalf of their four minor children; A.B, J.B., D.B. M.B., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE MENTA GROUP, INC., NFP; SPECIAL EDUCATION SERVICES, DBA Southwest Education Center; ELIZABETH ANN CONRAN; RORY CONRAN, husband and wife; KATHRYN CARWELL; KENNETH CARWELL, husband and wife; KIM HUBBLE; WILLIAM ANDREW HUBBLE, husband and wife; DOES, John and Jane Does 1-X; Black and White Corporations 1-X, <br><br> Defendants - Appellees. | No. 13-16512 <br><br> D.C. No. 2:10-cv-01592-JAT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 23, 2015
San Francisco, California

Before: WALLACE, BLACK[**], and CLIFTON, Circuit Judges.

Laura Breeser appeals from the district court's summary judgment in favor of Defendants The Menta Group, Inc. NFP and Special Education Services dba Southwest Education Center, on Breeser's claim for wrongful termination, brought under A.R.S. § 23-1501.3(c)(ii). We affirm.

In *Logerquist v. Danforth*, 932 P.2d 281 (Ariz. Ct. App. 1996), the Arizona Court of Appeals held that when a defendant advances a *prima facie* statute of limitations defense entitling it to summary judgment, the burden shifts to the plaintiff to show available, competent evidence that would justify a trial. *Id*. at 284 (citation omitted). Defendant's motion for summary judgment presented a sufficient *prima facie* defense. Defendant produced evidence that Breeser was terminated on March 1, 2009, while Plaintiff did not initiate her lawsuit until March 15, 2010. The burden then shifted to Breeser to produce evidence showing why her cause of action did not accrue on March 1, 2009, the date of termination. *See id*.

---

[**] The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Breeser is correct that under the discovery rule, a claim accrues "when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct." *Mayer v. Good Samaritan Hosp.*, 482 P.2d 497, 501 (Ariz. 1971). Breeser, however, had the burden of producing evidence showing the applicability of the discovery rule. *See Logerquist*, 932 P.2d at 284. Breeser failed to meet this burden. Breeser contended in her response to Defendant's motion for summary judgment that the wrongful termination claim could not have accrued until March 16, 2009, when she allegedly discovered that her name had been used erroneously on a form Defendants filed with the State of Arizona. She not only failed to provide evidentiary support for this claim, but also failed to explain why her cause of action could not have accrued until she had allegedly made this discovery. To the contrary, Breeser acknowledged that long before March 1, 2009, she had suspected that Defendants had filed applications with the state that contained incorrect information, and she had stated as much to Defendants. The information was enough for her claim to accrue by the date of her termination, March 1, 2009.

**AFFIRMED**.

3