NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AUTO JUNCTION, INC., *Plaintiff/Appellant*,

*v.*

SERGEI KALUZHIN, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0091

FILED 02-26-2026

Appeal from the Superior Court in Maricopa County
No. CV2021-054244
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Ortega & Ortega PLLC, Phoenix
By Alane M. Ortega
*Counsel for Plaintiff/Appellant*

Zwillinger Wulkan PLC, Phoenix
By Scott H. Zwillinger, Jennifer L. Allen, Robert T. Weeks
*Counsel for Defendants/Appellees*

_____

## MEMORANDUM DECISION

_____

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

_____

**F O S T E R**, Judge:

¶1        Plaintiff Auto Junction challenges the superior court's order dismissing Auto Junction's complaint against Defendant Sergei Kaluzhin. Auto Junction's complaint arose from a video posted by Kaluzhin encouraging his subscribers to take action because Auto Junction failed to pay in full for work he performed for it. Soon after, Auto Junction received online criticism and negative ratings. Auto Junction filed suit alleging defamation. The superior court dismissed the suit on statute of limitations grounds. On appeal, this Court affirms because the one-year statute of limitation barred Auto Junction's claims.

## FACTS AND PROCEDURAL HISTORY

¶2        Auto Junction contracted with Kaluzhin to deliver a vehicle in October 2019. Upon delivery, Auto Junction paid Kaluzhin less than the agreed-upon claiming he did not fulfill the contract terms.

¶3        In response, Kaluzhin posted a video on YouTube in November 2019[1] ("2019 video") about his interaction with Auto Junction. The video showed a verbal altercation between Kaluzhin and an Auto Junction representative. At the time, Kaluzhin had about 150,000 YouTube followers.[2] To support its claims, Auto Junction highlighted a portion of the 2019 video where Kaluzhin addressed his followers and stated:

> Hey, gang, they don't give me my money. Here is the name of the dealership center: Auto Junction Benz & Beemers. The huge appeal… huge appeal to you, guys… Phoenix, dealership center… they don't give my bucks. How is it possible to screw people like this?!

_____

[1] The court noted the 2019 video was dated October 28, 2019 in earlier proceedings and reported as published in November 2019 in later proceedings. Regardless, either supports this Court's decision.
[2] As of 2024, Kaluzhin had about 1 million YouTube followers.

. . .

> You must show what crazy subscriber you are, who stand…
> stand for the truth. This is the very case to stand for truth. Go
> ahead, my… my crazy ones. Nobody can take money from an
> average driver. Nobody can…

**¶4**　　　　Auto Junction experienced negative "advertising presence" around the time of the 2019 video. The record shows that reviews began on or about November 1, 2019, from various sources. Some reviews included only a rating while other reviews included comments. The following are some of the comments Auto Junction received:

> You will delete reviews for a long time. Until you return to
> the driver his earned money.
>
> . . .
>
> Awful customer service. Rude people. Don't buy anything
> here!
>
> . . .
>
> Scammers!
>
> . . .
>
> the owner rude pig. He dont wanna pay for delivery
> everytime. stay away!

There is no dispute that the negative reviews occurred after Kaluzhin posted his 2019 video.

**¶5**　　　　Two years later, on December 7, 2021, Auto Junction filed its complaint alleging (1) defamation and (2) aiding and abetting. Auto Junction also filed a temporary restraining order and requested a preliminary injunction. On February 8, 2022, the court granted Auto Junction's preliminary injunction request against Kaluzhin, which required Kaluzhin to refrain from posting any further reviews and to remove the 2019 video, but the video remained on YouTube. Around October 2022, Kaluzhin posted another YouTube video ("2022 video") referencing his interaction with Auto Junction and the current lawsuit. Auto Junction did

not seek enforcement of the preliminary injunction regarding the 2022 video.

¶6        After several procedural issues, Auto Junction amended its complaint in January 2024 again alleging (1) defamation and (2) aiding and abetting. The amended complaint did not reference the 2022 video. Kaluzhin answered, asserting that the one-year statute of limitations time-barred Auto Junction's claims. Kaluzhin moved to dismiss the case about a month later and again asserted the statute of limitations. Auto Junction responded and argued Kaluzhin's concealment of the video tolled his statute of limitations defense. After briefing and oral argument, the court granted Kaluzhin's motion to dismiss, treating it as one for summary judgment and determining no concealment occurred. The court found Auto Junction's claims time-barred.

¶7        Auto Junction timely appealed, and this Court has jurisdiction[3] pursuant to Article 6, § 9 of the Arizona Constitution and A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

¶8        Auto Junction asserts the court erred in dismissing its complaint for violating the statute of limitations because (1) Kaluzhin's 2022 video constituted a republication of his 2019 video and (2) Kaluzhin's concealment of his 2019 video tolled the statute of limitations. Auto Junction also asserted the court erred when it failed to conduct an evidentiary hearing concerning its republication and concealment claims.

¶9        A motion to dismiss must be treated as a motion for summary judgment when evidence beyond the pleadings is presented and considered. *See* Ariz. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56."); *see also BLK III, LLC v. Skelton*, 252 Ariz. 583, 586, ¶ 6 (App. 2022). Because Kaluzhin presented matters beyond the pleading, the court properly treated the motion to dismiss as a motion for summary judgment.

---

[3] Jurisdiction is not an issue in this case, but this Court notes that Auto Junction asserts this Court has jurisdiction under Article 6, § 9 of the Arizona Constitution and under A.R.S. §§ 13-4031 and -4033. Because this is a civil matter, this Court does not have jurisdiction under Title 13.

**¶10**         This Court reviews summary judgment *de novo* and upholds it "when no genuine issue of material fact exists." *Read v. Phoenix Newspapers, Inc.*, 169 Ariz. 353, 356 (1991). "In determining whether any genuine issue of material fact exists, we examine the facts in a light most favorable to the non-moving party." *Id.* This Court will affirm dismissal if "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Once the moving party has established that no genuine issue of material fact exists, the burden shifts to the non-moving party "to produce sufficient competent evidence" to overcome dismissal. *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 14 (App. 2000).

## I.     Auto Junction failed to assert its claims within the statute of limitations.

**¶11**         A defamation claim accrues, and the statute of limitations begins to run, upon publication of the alleged defamatory statement. *Larue v. Brown*, 235 Ariz. 440, 444, ¶ 19 (App. 2014); *see Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 170, ¶ 13 (2024). In cases involving Internet publications, the statute of limitations begins at the time the alleged defamatory statement was "first made available to the public by posting it on a website." *Larue*, 235 Ariz. at 445, ¶ 23. At that point, a party has one year to bring a defamation claim. A.R.S. § 12-541(1); *id.* at 443, ¶ 15. Auto Junction's appeal rests on whether the statute of limitations was tolled or suspended.

### A.  Auto Junction waived its republication theory.

**¶12**         Auto Junction argues on appeal that Kaluzhin's 2022 video constituted a republication of the 2019 video. It argues that as a result, the 2022 posting effectively restarted the statute of limitations. *See Larue*, 235 Ariz. at 445, ¶ 25 (when material is republished such that it is published in a new manner, this form of separate publication results in a separate cause of action). It further asserts the court erred when it did not hold an evidentiary hearing to discuss its republication argument.

**¶13**         But for this Court to consider Auto Junction's republication argument and review the court's failure to hold an evidentiary hearing, Auto Junction must have raised these issues with the superior court. *See Doe v. Roman Cath. Church of Diocese of Phoenix*, 255 Ariz. 483, 490, ¶ 28 (App. 2023) (waiving appellant's theory on appeal because appellant failed to properly raise the theory in superior court); *Lansford v. Harris*, 174 Ariz. 413, 419 (App. 1992) ("On appeal from summary judgment, the appellant may

not advance new theories or raise new issues to secure a reversal."). It did not.

¶14         Auto Junction failed to raise its theory of republication in its response to the motion to dismiss and failed to request an evidentiary hearing. Consequently, the court did not err by not addressing the issue or holding an evidentiary hearing. *See Sereno v. Lumbermens Mut. Cas. Co.*, 132 Ariz. 546, 549 (1982) (as it relates to summary judgment, a court must have a chance to rule on a particular issue raised before it is asserted on appeal). By failing to raise the issue, Auto Junction waived it.

¶15         Auto Junction argues that it did not waive the republication issue because the "2022 video was referenced, [and] attached in video and transcription form to Appellant's filings." It relies on several cases to argue that this Court can consider its argument because the issue presents a question of law, relevant facts are undisputed and consideration is necessary to prevent manifest injustice. *See Town of S. Tucson v. Bd. of Supervisors of Pima Cnty.*, 52 Ariz. 575, 582 (1938); *Rubens v. Costello*, 75 Ariz. 5, 8–9 (1952); *Home Builders Ass'n of Cent. Ariz. v. City of Maricopa*, 215 Ariz. 146, 152–53, ¶ 23 n.3 (App. 2007); *In re MH 2008-000028*, 221 Ariz. 277, 280 (App. 2009). But this Court does not find the facts of this case compelling to support review without an adequate record. Though Auto Junction did include exhibits that referenced the 2022 video by date, it is not enough that the 2022 video was part of the record. *See Crowe v. Hickman's Egg Ranch, Inc.*, 202 Ariz. 113, 116, ¶ 16 (App. 2002) (legal theory not preserved on appeal when party failed to raise it with the trial court even though the record contained evidence to support the theory). Auto Junction's attempt to overcome waiver of its republication argument is unpersuasive.

### B.  Kaluzhin did not conceal the 2019 YouTube video.

¶16         Auto Junction next argues that Kaluzhin concealed the discovery of his 2019 video and therefore suspended the statute of limitations. It asserts Kaluzhin posted his 2019 video in Russian under a nickname that Auto Junction could not have discovered. Additionally, Auto Junction reasoned it could not have discovered the 2019 video because Kaluzhin posted it in an undetectable manner on a website where Auto Junction was not a subscriber.

¶17         A claim filed outside the statute of limitations is time-barred if a plaintiff reasonably should have discovered the defamatory statement. *See Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 138 Ariz. 240, 241 (App. 1983). But an exception to the one-year statute of limitations may apply when a

party publishes the alleged defamatory material in a manner likely to be concealed from the plaintiff. *See id.* at 242–43; *Logerquist v. Danforth*, 188 Ariz. 16, 20 (App. 1996). Concealment requires the defendant to act in such a manner that purposely prevents the "detection of the cause of action." *Logerquist*, 188 Ariz. at 21 (citation omitted).

**¶18**        Here, even viewing the facts in Auto Junction's favor, Auto Junction did not establish that concealment occurred. *See id.* at 18. A transcript of the 2019 video showed that Kaluzhin told Auto Junction he was planning to post the video on YouTube in October 2019. Auto Junction included negative reviews it received in November 2019 with its complaint alleging Kaluzhin's actions prompted them. Auto Junction, in its affidavit, stated it began investigating the negative reviews from unknown sources in 2020. The screenshot of various reviews, provided by Auto Junction, referenced Kaluzhin via his first name and suggested Auto Junction give Kaluzhin his money back as early as November 2019. Moreover, despite Auto Junction's assertion that the 2019 video was in Russian, it conceded at the hearing that Kaluzhin referred to Auto Junction in English. Auto Junction has not shown that Kaluzhin published his statements in a manner that purposely prevented the detection of the cause of action. *See Read*, 169 Ariz. at 356–57 (summary judgment was appropriate when the plaintiff's evidence did not provide a "triable issue" for consideration). Thus, Auto Junction presented no genuine issue of material fact to overcome dismissal.

**¶19**        Though Auto Junction waived its request for an evidentiary hearing by not requesting one, *see supra* ¶¶ 12-14, the court received evidence of its concealment argument in briefing and at oral argument. *See Doe*, 255 Ariz. at 490, ¶ 28 (failure to address legal theories either in briefing or oral argument results in waiver) (citing *Lansford*, 174 Ariz. at 419 ("On appeal from summary judgment, the appellant may not advance new theories or raise new issues to secure a reversal.")).

**¶20**        Auto Junction first presented its concealment argument in its response to Kaluzhin's motion to dismiss. In its brief, Auto Junction argued Kaluzhin's concealment tolled the statute of limitations and attached a supporting affidavit from Auto Junction's CEO. That affidavit discussed the CEO's attempt to investigate the source of negative reviews and his decision to hire a private investigator in 2021. Auto Junction then presented its concealment argument at oral argument. There, Auto Junction discussed its concealment claim, and Auto Junction's counsel invited the court to ask any questions it had about Auto Junction's arguments. The court clarified Auto Junction's concealment argument stating, "so the concealment, you're arguing, is that it was in a different language, and that nothing in the post

itself was searchable by Auto Junction." The court allowed Auto Junction's counsel to elaborate on its position and evidence. Moreover, the court addressed the various exhibits attached to Auto Junction's response to the motion to dismiss, including screenshots of the negative reviews, the CEO's affidavit and a flash drive containing digital exhibits.

**¶21** Because Auto Junction could not establish that a dispute existed on whether concealment occurred, and because the court allowed Auto Junction to present its concealment argument, this Court discerns no error. *See Doe*, 255 Ariz. at 490, ¶ 28.

## II. Attorneys' fees.

**¶22** Kaluzhin requests attorneys' fees and costs under A.R.S. §§ 12-341 and -751. Though the superior court cited the Anti-SLAPP statute (A.R.S. § 12-751), the superior court's action was based on a request to dismiss on statute of limitations grounds, A.R.S. § 12-541(1), not a request to dismiss the suit because it was "motivated by a desire to deter, retaliate against or prevent" a constitutional right," A.R.S.  § 12-751(A), (B). The court noted this distinction at oral argument and highlighted that the statute of limitations argument was separate from the Anti-SLAPP statute. Therefore, this Court will not award Kaluzhin his attorneys' fees. But as the prevailing party on appeal, this Court awards Kaluzhin his costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 12-341; Ariz. R. Civ. App. P. 21.

## CONCLUSION

**¶23** Affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR