742 P.2d 831

**CAMELOT LIMITED, a Colorado limited partnership, Plaintiff/Appellant,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, a Maine corporation, Defendant/Appellee.**

No. 2 CA–CV 87–0013.

Court of Appeals of Arizona, Division 2, Department B.

April 23, 1987.

Reconsideration Denied May 26, 1987.

Review Denied Sept. 15, 1987.

Lowe & Berman, P.A. by Michael P. Berman, and James McConnell Bush, Phoenix, for plaintiff/appellant.

Evans, Kitchel & Jenckes, P.C. by William M. Shattuck, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

In 1984, appellant borrowed $3,000,000 from appellee and secured the loan by a deed of trust and security agreement. The terms of the loan were evidenced by a note. In early 1985, appellant leased the real property securing the note and granted lessees an option to purchase without obtaining appellee's prior approval as required by the deed of trust. When appellee learned of the lease, it notified appellant that it did not consent to the change of management or the lease, as was its right under applicable terms in the deed of trust, and that it was exercising its right to accelerate the loan. Appellee informed appellant that the prepayment penalty was also due.

Appellant agreed that its conduct was such that appellee was justified in accelerating the loan but contested the payment of the prepayment penalty. To avoid litigation and to mitigate damages, appellant paid the loan balance plus accrued interest and, under protest, the prepayment penalty of $298,937.13. Appellee subsequently released the deed of trust.

Appellant then sued, on the grounds that extracting the prepayment penalty constituted a breach of contract, usury and racketeering by appellee. Both parties moved for summary judgment, and the trial court, finding no issues of material fact, granted appellee's motion. Appellant Camelot appeals. We affirm.

The deed of trust provided that appellee was entitled to accelerate the remaining principal and any unpaid interest thereon in the event of a default. The note also contained a provision requiring a prepayment premium upon early payoff of the loan or if prepayment occurred as the result of acceleration after default. The deed of trust articulated the events of default to be as follows:

2.01 *Events of Default:* The following shall be deemed to be 'Events of Default' hereunder:

a. Failure to make any payment within five days after the date upon which such payment is due....

b. Failure to perform any of the other terms, covenants, and conditions in the Note secured hereby, this Deed of Trust....

c. Breach of any warranties or representations given by [Camelot] to [Union Mutual]....

Additionally, Article 1.11(a) of the deed of trust provided:

[I]f the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed, further mortgaged, encumbered, or otherwise alienated by Trustor, whether voluntarily, or involuntarily or by operation of law, or that if the management thereof is changed, in either or any case without the prior written consent of [Union Mutual], [Union Mutual], at its option, may declare the Note secured hereby and all other obligations hereunder, including any prepayment premium, to be forthwith due and payable.

Paragraph 1.11(c)(iii) of the deed of trust stated:

[T]he current management of the Premises by the firm of Luther-Todd-Livix Associates is a material consideration to [Union Mutual] for entering into the loan secured by this Deed of Trust, and [Union Mutual] will not permit a change in management for at least five (5) years from the date hereof, and then only to an equally qualified management company approved by [Union Mutual].

When, as here, the sole question for review is the construction of documents, this court is not bound by the decision of the trial court. *Pearll v. Williams*, 146 Ariz. 203, 704 P.2d 1348 (App.1985). In this appeal, the parties agree as to all the facts and events. Appellant appeals from the summary judgment only insofar as it construes the loan documents to allow appellee to charge the prepayment penalty.

Appellant argues that the lease of the premises without appellee's consent did not constitute an event of default as provided in Article 2.01 of the deed of trust and that Article 1.11(a) gave appellee only the right to accelerate upon change of management, not the right to charge the prepayment penalty. Appellant contends that Article 2.01 did not identify leasing the premises without appellee's consent as an event of default and that appellee did not tell appellant the acceleration was triggered by the lease. Even assuming that the notice insufficiently apprised appellant that appellee may have considered the lease itself, as well as the change in management, an event of default under Article 1.11, the change of management without consent by itself was sufficient to permit appellee to accelerate and to demand the prepayment penalty.

Article 1.11 gave appellee the right to accelerate payment of the loan should appellant change the management of the premises without appellee's consent. That provision, by its terms, also gave appellee the right to a prepayment penalty. Further, Article 1.11(c)(iii) made it clear that continuation of the present management was a material consideration in appellee's decision to lend appellant the money. The provision was not ambiguous. Any permissive language concerning the prepayment penalty related to the fact that the provision gave appellee the option of acceleration. Acceleration was not mandatory upon appellee if appellant committed the conduct prohibited by that section. Thus, appellant agreed to the possibility of acceleration and a prepayment penalty not only in the event of default as defined in Article 2.01, but also at appellee's discretion in the event of a violation of Article 1.11 or any early payoff of the loan. By exercising the option to accelerate and demanding the prepayment penalty, appellee did not breach the contract.

The resolution of the breach of contract claim also disposes of appellant's usury and racketeering claims. The sole basis for these claims was that the penalty was unauthorized and was thus a breach of contract. Because appellant agreed to the

payment, appellee's actions did not constitute a breach of contract.

Affirmed.

LACAGNINA, P.J., and LIVERMORE, J., concur.