NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ROY MAXTED, et al.,
*Plaintiffs/Counter-Defendants/Appellees,*

*v.*

TWS INC., et al.,
*Defendants/Counter-Claimants/Appellants.*

No. 1 CA-CV 16-0408
FILED 5-4-2017

---

Appeal from the Superior Court in Maricopa County
Nos. CV2014-094400, CV2014-095474
(Consolidated)
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

---

COUNSEL

J. Kent Mackinlay, P.C., Mesa
By J. Kent Mackinlay
*Counsel for Defendants/Counter-Claimants/Appellants*

David Vandeventer, Paradise Valley
*Counsel for Plaintiffs/Counter-Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Patricia Starr[1] delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Michael J. Brown joined.

---

**S T A R R**, Judge:

**¶1**          Defendant TWS, Inc. ("TWS") challenges the grant of summary judgment in favor of plaintiffs Roy and Dottie Maxted (collectively "Maxted") finding TWS was not entitled to receive excess proceeds from a credit bid following a trustee's sale of real property.  TWS also challenges the award of attorneys' fees to Maxted.  For the following reasons, both orders are affirmed.

**BACKGROUND**

**¶2**          In early 2013, TWS purchased a restaurant/bar and associated real property ("Property") from Maxted for $580,000.  TWS paid Maxted $170,000 in cash and borrowed the balance of $410,000 from Maxted, evidenced by a promissory note and secured by a deed of trust.  Later in 2013, TWS defaulted and Maxted instituted sale proceedings.  The Property was sold at public auction through a trustee's sale in May 2014.  Maxted was the successful bidder for a credit bid of $560,180.44.

**¶3**          In August 2014, Maxted sued TWS seeking a deficiency judgment for the difference between the credit bid and the fair market value of the Property.  TWS then sued Maxted for breach of contract claiming it was entitled to excess proceeds from the trustee's sale totaling $150,180.44 (representing the difference between the credit bid and the amount of the note), conversion of items remaining in the Property, and fraudulent concealment.  The cases were consolidated, and both parties moved for summary judgment.

**¶4**          The court granted each motion in part finding  (1) in favor of TWS that "there is no prepayment penalty or interest due following the sale

---

[1]      The Honorable Patricia Starr, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

and there is no deficiency owed"; and (2) in favor of Maxted that "there are no excess proceeds as a matter of law." The court denied the balance of both motions. TWS unsuccessfully moved for reconsideration, arguing it was entitled to the excess proceeds. After a bench trial, the court found for Maxted on TWS' conversion claim (the only remaining claim), and awarded Maxted attorneys' fees and costs in the amount of $17,521.40. After entry of final judgment, *see* Ariz. R. Civ. Pro. 54(c),[2] TWS timely appealed. We have jurisdiction pursuant to Article VI, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.   No Excess Proceeds Existed from the Credit Bid

¶5        TWS argues the court erred in granting summary judgment for Maxted finding no excess proceeds existed as a matter of law.

¶6        Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). We determine de novo whether any genuine issue of material fact exists and whether the trial court erred in application of the law. *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996). We construe the evidence and reasonable inferences in the light most favorable to the non-moving party. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482, ¶ 13 (2002). And we will uphold the trial court's ruling if it is correct for any reason. *Logerquist*, 188 Ariz. at 18.

¶7        The breakdown of Maxted's credit bid to purchase the Property at the trustee's sale is as follows:

| | |
|---|---|
| Principal balance | $ 398,698.04 |
| Interest Through 4/25/19 | 131,238.10 |

---

[2]        Absent material revisions, we cite to the current version of statutes and rules unless otherwise indicated.

| | |
|---|---|
| Penalties | 1,200.30 |
| Prepayment [Penalty] | 24,006.00 |
| Funds Advanced for Insurance | 1,015.00 |
| Interest on Funds 4/15/14 – 5/15/14 | 5.27 |
| Trustee/Account Servicing Fees & Costs | 4,017.73 |
| Credit Bid Total | $ 560,180.44 |

¶8  Pursuant to A.R.S. § 33-801(5), a credit bid is "a bid made by the beneficiary in full or partial satisfaction of the contract or contracts which are secured by the trust deed." It

> may only include an amount up to the full amount of the contract or contracts secured by the trust deed . . . together with the amount of other obligations provided in or secured by the trust deed and the costs and expenses of exercising the power of sale and the sale, including the trustee's fees and reasonable attorney fees actually incurred.

*Id.* At a trustee's sale, only the beneficiary, here Maxted, is authorized to make a credit bid in lieu of cash. A.R.S. § 33-810(A).

¶9  As relevant here, a trustee shall apply the proceeds of a trustee's sale in the following order of priority:

> 1. To the costs and expenses of exercising the power of sale and the sale, including the payment of the trustee's fees and reasonable attorney fees actually incurred.

> 2. To the payment of the contract or contracts secured by the trust deed.

> 3. To the payment of all other obligations provided in or secured by the trust deed and actually paid by the beneficiary before the trustee's sale.

> . . . .

> 5. . . . After payment in full of all sums due . . . payment shall be made to the trustor ["excess proceeds"].

A.R.S. § 33-812(A).

¶10        As defined in the statutory scheme, a credit bid cannot result in excess proceeds. Such a bid may only include the amount necessary to pay the contract or contracts secured by the trust deed, along with the other obligations provided in or secured by the trust deed, and costs and expenses. Once those amounts are taken out of the credit bid, nothing remains that would constitute excess proceeds.

¶11        Here, TWS contends that under the note and deed of trust, Maxted could not recover (1) the unaccrued, post-sale interest calculated from the sale date through April 25, 2019 (six-year anniversary of the note as determined by the prohibition against prepayment within the first six years) or (2) the prepayment penalty because TWS did not voluntarily repay the note. TWS argues it was entitled to those amounts as excess proceeds from the credit bid following the trustee sale.

¶12        We agree, as did the superior court, that Maxted was prohibited from collecting a prepayment penalty and unaccrued interest from TWS, and those amounts were wrongly included in the amount of the credit bid. *See Florida Nat'l Bank of Miami v. Bankatlantic*, 557 So. 2d 596, 598 (Fla. 4th Dist. Ct. App. 1990) (stating the general rule is that "unless otherwise specifically provided for in the note, the lender cannot upon the lender's acceleration also collect the prepayment penalty."); *cf. Camelot Ltd. v. Union Mut. Life Ins. Co.*, 154 Ariz. 330, 331 (App. 1987) (finding deed of trust gave lender, by its terms, the right to accelerate payment and the right to recover a prepayment penalty). The inclusion of the prepayment penalty and unaccrued interest in the credit bid, however, did not result in excess proceeds. There were no cash proceeds for the trustee to distribute or deposit with the county treasurer pursuant to A.R.S. § 33-812. *See also Passanisi v. Merit-Mcbride Realtors, Inc.*, 190 Cal. App. 3d 1496, 1503 (Ct. App. 1987) (stating no deficiency and no surplus results from successful creditor-beneficiary's "full credit bid").

¶13        In support of its argument that it is entitled to excess proceeds from the credit bid, TWS relies in large part on two cases: *M & I Bank FSB v. Coughlin*, 805 F. Supp. 2d 858 (D. Ariz. 2011) and *Nussbaumer v. Superior Court*, 107 Ariz. 504 (1971). In *M & I Bank*, the District Court did not reach the issue presented here, but decided whether A.R.S. § 33-814(D) bars an action by a lender against third parties if the action is brought more than 90 days after the trustee's sale. 805 F. Supp. 2d at 860. The court noted that "[a] beneficiary who bids high, drives out other bidders, and takes the property for the amount of its bid may not then say it was not really paid because it paid itself too much." *Id.* at 868. But here, there is no evidence

that Maxted bid high to drive out other bidders, only that it mistakenly included the unaccrued interest and prepayment penalty in the bid.

**¶14**　　　TWS cites to *Nussbaumer* for the proposition that an accepted bid at a trustee's sale forms a contract, which a court may not reform.  But again, that case does not reach the issue before us—whether a credit bid can result in excess proceeds.  Instead, the court held that when a mortgagee, through its own negligence or inadvertence, bid the full amount of the judgment at a foreclosure sale, it was bound by that bid.  107 Ariz. at 508.  The court did not, however, reach the issue of whether excess proceeds would exist if the credit bid exceeded the amount of the full judgment.

**¶15**　　　In short, because the unaccrued interest and prepayment penalty were wrongly included in the credit bid, the credit bid exceeded the amount actually owed.  But nothing in the statutory scheme converted the erroneous credit bid into excess proceeds because of that mistake.  Thus, under these particular facts, and leaving for another day whether any set of facts could result in excess proceeds from a credit bid, no excess proceeds existed.  Because there was no genuine issue of material fact, the superior court correctly found that the credit bid did not result in excess proceeds.

## II.　Award of Attorneys' Fees to Maxted

**¶16**　　　TWS argues the superior court erred in awarding attorneys' fees to Maxted under A.R.S. § 12-341.01, claiming (without any supporting authority) Maxted was not the successful party because the court denied its deficiency judgment claim.  The superior court has substantial discretion in making the successful-party determination under A.R.S. § 12-341.01.  *See Summers v. Gloor*, 239 Ariz. 222, 228, ¶ 21 (App. 2012) (citing cases).  We review an award for attorneys' fees for abuse of discretion.  *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5 (App. 2014).

**¶17**　　　"In any contested action arising out of a contract, . . . the court may award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(A).  The factors relevant in determining whether attorneys' fees should be awarded under the statute are:

> 1. The merits of the claim or defense presented by the unsuccessful party.

> 2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.

3. Assessing fees against the unsuccessful party would cause an extreme hardship.

4. The successful party did not prevail with respect to all of the relief sought.

. . . .

[5. T]he novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction.

. . . .

[6. W]hether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985).

¶18         Here, the superior court concluded the litigation arose out of contract and the contract issues predominated; findings TWS does not challenge on appeal. The court also gave some weight to its conclusion that awarding fees would cause a hardship to TWS, but added that there was "no dispute" that "an early walk away settlement [offer by Maxted] was rejected" by TWS and had TWS accepted that offer "most of the fees could have been avoided." Although TWS is correct in stating that Maxted did not prevail on its deficiency claim, TWS has not shown that the court abused its discretion in finding Maxted was the successful party and awarding Maxted reasonable attorneys' fees.

## III.    Attorneys' Fees on Appeal

¶19         Both parties request attorneys' fees on appeal under A.R.S. § 12-341.01. Maxted also requests fees as a sanction pursuant to A.R.S. § 12-349 and its taxable costs on appeal pursuant to A.R.S. § 12-341. In the exercise of our discretion, we deny the requests for attorneys' fees. Because Maxted is the successful party on appeal, we award it costs incurred on appeal under § 12-341 upon compliance with ARCAP 21.

**CONCLUSION**

**¶20** For the foregoing reasons, we affirm the superior court's orders.



AMY M. WOOD • Clerk of the Court
FILED: AA